# SUPREME COURT OF THE UNITED STATES

———————

No. 21A372

———————

## JOHN Q. HAMM, COMMISSIONER, ALABAMA DEPARTMENT OF CORRECTIONS, ET AL. *v.* MATTHEW REEVES

ON APPLICATION TO VACATE INJUNCTION

[January 27, 2022]

The application to vacate injunction presented to JUSTICE THOMAS and by him referred to the Court is granted. The January 7, 2022 order of the United States District Court for the Middle District of Alabama is vacated.

JUSTICE BARRETT would deny the application.

JUSTICE KAGAN, with whom JUSTICE BREYER and JUSTICE SOTOMAYOR join, dissenting.

Four judges on two courts have decided—after extensive record development, briefing, and argument—that Matthew Reeves's execution should not proceed as scheduled tonight. See *Reeves* v. *Dunn*, No. 2:20–cv–00027 (MD Ala., Jan. 7, 2022), aff'd, *Reeves* v. *Commissioner*, *Ala. Dept. of Corrections*, \_\_\_ F. 4th \_\_\_, 2022 WL 225406 (CA11, Jan. 26, 2022). The law demands that we give their conclusions deference. See, *e.g.*, *Dunn* v. *McNabb*, 583 U. S. \_\_\_ (2017) (reviewing a stay of execution for abuse of discretion). But the Court today disregards the well-supported findings made below, consigning Reeves to a method of execution he would not have chosen if properly informed of the alternatives. I respectfully dissent.

Reeves contends in this suit that the Alabama Department of Corrections (ADOC) violated federal disabilities law by failing to take account of his cognitive deficiencies when offering death-row inmates a choice of execution

methods. In Alabama, a recently enacted state law gave those inmates one month to select execution by nitrogen hypoxia, rather than lethal injection. See Ala. Code §15–18–82.1(b)(2) (2018). To carry out that law, the ADOC distributed "election forms" allowing inmates to convey their choice. No. 2:20–cv–00027, at 6–7. But the form was written in legalese, and according to unrebutted evidence, an inmate needed at least an 11th-grade reading level to understand it. See *id.*, at 24. Reeves has cognitive limitations and (again, according to uncontested evidence) has the same reading ability as an elementary-school child; indeed, one expert testified that Reeves's "reading comprehension was at the 1st grade level." *Id.*, at 16. In these circumstances, Reeves's suit alleges, the Americans with Disabilities Act (ADA) required prison officials to provide assistance (a so-called reasonable accommodation) to Reeves— essentially, to explain the form so that he could elect an execution method. See Amended Complaint in No. 2:20–cv–00027 (MD Ala.), ECF Doc. 21, pp. 7–8, 11–12. Their failure to do so, Reeves says, prevented him from timely choosing nitrogen hypoxia, which he believes is less painful than lethal injection. *Id.*, at 13; App. to Motion for Preliminary Injunction (decl. of M. Reeves), in No. 2:20–cv–00027 (MD Ala.), ECF Doc. 27–14.

Two courts have now ruled in Reeves's favor, prohibiting Alabama from executing him by any method except nitrogen hypoxia. In granting a preliminary injunction, the District Court considered a written record of more than 2,000 pages, heard more than seven hours of testimony and oral argument, and detailed its findings in a 37-page decision. The court found that Reeves is likely to prevail on his ADA claim because: (1) he has a cognitive disability; (2) that disability prevented him from obtaining "meaningful access" to the process of picking an execution method; and (3) his need for assistance from the ADOC was "open and obvious." No. 2:20–cv–00027, at 14–34. The court also determined

that the balance of equities favored an injunction. Reeves, the court reasoned, will suffer irreparable harm if Alabama uses the lethal injection method "he so greatly fears"; but if that method is barred, the State can still execute Reeves by nitrogen hypoxia in a matter of weeks (when it finalizes its protocol for that method). See *id.*, at 36. A three-judge panel of the Court of Appeals for the Eleventh Circuit unanimously affirmed that decision, after full briefing and argument, in a 29-page opinion. It "discern[ed] no abuse of discretion" in the District Court's assessment of the ADA claim or its balancing of equitable factors. 2022 WL 225406, *1. As to the latter, the Court of Appeals emphasized that the relief granted to Reeves would still allow Alabama to execute him—just by the method he would have chosen if he could have understood the ADOC's election form. *Id.,* at *11.

This Court should have left the matter there, rather than enable Reeves's execution by lethal injection to go forward. The Court has no warrant to reweigh the evidence offered below. And it has no other basis for reversing the detailed findings the District Court made to support the injunction. Nor is the Court's action in any way necessary to enable Alabama to carry out its capital sentence. As the lower courts recognized, the State will soon be ready to execute Reeves by nitrogen hypoxia. A short delay cannot justify dismissing, as the Court does today, the strength of Reeves's suit—or the careful work of the judges primarily responsible for assessing his case.